IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| BIGMOUTH, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOY VAULT LLC d/b/a TOYS VAULT, )<br>ACME PRODUCTS CO, ALL THINGS )<br>TOYS, MODDAN, and COOLINKO, )<br>)<br>Defendants. )<br>) | Civil Action No. 3:16-cv-1243 |

## COMPLAINT

1.  This is an action for trademark counterfeiting and trademark infringement arising under the Lanham Act, 15 U.S.C. § 1051, et seq., the Anti-Counterfeiting Consumer Protection Act of 1996, 15 U.S.C. §1116(d), as well as related state law claims arising from defendant Toy Vault LLC doing business as "Toys Vault," "ACME Products Co," "All Things Toys," "Moddan," "Swift Buy," and "Coolink" ("Toy Vault"), willful counterfeiting of an identical trademark to that owned and used by plaintiff, BigMouth, Inc. ("BigMouth") in connection with competing goods in an attempt to harm and divert customers away from BigMouth. Upon information and belief, Toy Vault has knowingly and intentionally sold to consumers counterfeit BigMouth coffee mugs in violation of federal and state law. The value of the subject matter in controversy, exclusive of interest and costs, exceeds $75,000. This Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

2.  This Court has personal jurisdiction over Toy Vault. Toy Vault has transacted business within the state of Connecticut and in this judicial district, and also

by offering its counterfeit goods for sale on a nationwide basis. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## I.     Parties

3. Plaintiff BigMouth, Inc. is a Connecticut corporation with its principal place of business in Glastonbury, Connecticut. BigMouth is a leading national manufacturer of novelties and toys, including inflatable coffee mugs of various types. BigMouth sells products through retail stores, authorized resellers, and various online marketplaces, including Amazon.com.

4. Upon information and belief, defendant, Toy Vault, is a registered California limited liability company with a usual place of business at 7491 Anaconda Avenue, Garden Grove, California 92841, does business or has done business and sold counterfeit BigMouth products to customers, nationwide and within the state of Connecticut through various online commerce sites including but not limited to, Amazon.com using the seller names, "Toys Vault," "ACME Products Co," "All Things Toys," "Moddan," "Swift Buy," and "Coolinko."

## II.     Facts

### A.     BigMouth And Its Trademark Usage

5. BigMouth is the sole and exclusive owner of the federally mark, BIGMOUTH INC.® filed on the U.S. Patent and Trademark Office's ("PTO") Principal Register. BigMouth has continuously used BIGMOUTH INC.® (the "BigMouth Mark") as a mark and the salient feature of its trade name for at least four years. A printout from the PTO Trademark Electronic Search System ("TESS") reflecting this filing is attached hereto as Exhibit 1.

6. BigMouth also has acquired common law rights in the BigMouth Mark throughout the United States.

7. The BigMouth Mark is well-known and famous. The goodwill associated with the BigMouth Mark is a valuable asset. BigMouth has expended great effort and considerable resources in the promoting and advertising of its goods and services under the BigMouth Mark. As a result of this widespread and continuous use and promotion, the BigMouth Mark identifies BigMouth as the source of goods and services identified in the registration of the BigMouth Mark.

*B.    BigMouth's Amazon.com Sales*

8. BigMouth sells its products through a carefully selected network of authorized dealers and also through various online platforms including Amazon.com.

9. BigMouth products sold on Amazon.com are identified by the inclusion of "BigMouth Inc." in the title of the online product listing and BigMouth is also identified as the product source at the top of all product listings, with a link to BigMouth's Amazon.com profile.

10. In addition, products sold on Amazon.com utilize bar codes with numeric product identification codes that uniquely identify the product, manufacturer, and the product's attributes. While two commonly used identification codes are The International Standard Book Number (ISBN) and European Article Number (EAN), Amazon.com also has its own unique product identification code system to identify items called the Amazon Standard Identification Number ("ASIN").

11. All BigMouth products sold through Amazon.com have an ASIN, which is displayed on all product packaging. These ASINs identify BigMouth as the source of

the respective products.

## C. Toy Vault's Wrongful Acts

12. BigMouth recently discovered that counterfeit BigMouth products, particularly, coffee mugs, were being sold by Toy Vault on Amazon.com. These products were similar in appearance to genuine BigMouth goods, but were inferior in quality. Consumers who purchased these items had no idea they were purchasing a counterfeit product rather than the genuine article.

13. Toy Vault sold the counterfeit BigMouth products through the BigMouth product listings on Amazon.com that clearly identify the products as being manufactured and sold by BigMouth.

14. Further, Toy Vault sold counterfeit BigMouth products using the ASINs assigned by Amazon.com that identify the product and BigMouth brand. The counterfeit products included these ASINs on their packaging, just like genuine BigMouth products.

15. As soon as this discovery was made, BigMouth began regularly monitoring Amazon.com and other online commerce sites in order to try to prevent sales of counterfeit BigMouth goods and take enforcement action as appropriate against sellers of counterfeit BigMouth goods.

16. BigMouth has sent several letters to Toy Vault regarding its unlawful conduct and demanded that it immediately cease and desist from selling counterfeit BigMouth products. Toy Vault refused to stop selling counterfeit BigMouth products.

17. BigMouth purchased several products from Toy Vault through Amazon.com in order to determine whether it was selling genuine BigMouth products. Upon analyzing the products purchased from Toy Vault, BigMouth determined they

were counterfeit based on type and quality of materials, surface design, coloration, and other characteristics containing differences between the counterfeit product and packaging and that of genuine BigMouth goods.

18.     In addition, the counterfeit goods sold by Toy Vault included labels with "BIGMOUTH, INC." printed on them and some counterfeit goods came in packaging made to appear as though it were genuine BigMouth packaging.

19.     Toy Vault either sold or offered for sale counterfeit BigMouth products, or committed acts in furtherance of such sales, such as providing false feedback to enable the counterfeit sellers to gain credibility in order to make sales.  In both of the cases described herein, Toy Vault continued to sell or offer for sale counterfeit products after BigMouth put it on notice that it was selling counterfeit BigMouth products.  Accordingly, Toy Vault either knew or acted in reckless disregard of circumstances suggesting that the products it was selling were counterfeit, and its actions were therefore knowing and willful.

20.     Toy Vault offered and continues to offer for sale and sold and continues to sell counterfeit products to purchasers nationwide including purchasers in the state of Connecticut.

21.     If Toy Vault's unlawful acts are allowed to continue, BigMouth will suffer irreparable injury.

**COUNT I – TRADEMARK COUNTERFEITING AND INFRINGEMENT**

22.     The allegations of paragraphs 1-21 are restated and realleged as though fully set forth herein.

23.     Toy Vault's sales of counterfeit BigMouth products are likely to cause,

caused, and are willful and intended to cause confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of such products, and constitute trademark counterfeiting under 15 U.S.C. 1114(1)(b).

24. As a direct and proximate result of Toy Vault's actions, BigMouth has suffered and continues to suffer substantial damages. BigMouth is entitled to an injunction and to recover Toy Vault's profits, all damages sustained by BigMouth, treble those profits and damages, and the cost of this action, plus interest, under 15 U.S.C. § 1117(a) and (b), which amounts are yet to be determined.

25. As a direct and proximate result of Toy Vault's acts of willful trademark counterfeiting, BigMouth is entitled to recover, under 15 U.S.C. § 1117(c)(2), $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed by Toy Vault.

### COUNT II – FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

26. The allegations of paragraphs 1-25 are restated and realleged as though fully set forth herein.

27. Toy Vault has infringed and continues to infringe the rights of BigMouth in the BigMouth Mark, which constitutes false designation of origin under 15 U.S.C. § 1125 and the common law.

### COUNT III – UNFAIR TRADE PRACTICES

28. The allegations of paragraphs 1-27 are restated and realleged as though fully set forth herein.

29. Toy Vault has engaged in unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110a *et seq.*

**RELIEF REQUESTED**

WHEREFORE, BigMouth requests that this Court:

A.  Preliminarily and permanently enjoin Toy Vault, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with it, from using the BigMouth Mark or any mark confusingly similar to the BigMouth Mark, whether alone or in combination with other words or symbols, and from any further infringement, false designation of origin, and unfair trade practices.

B.  Direct Toy Vault to pay BigMouth the actual damages and profits realized by Toy Vault, and the costs of this action pursuant to 15 U.S.C. § 1117(a), C.G.S.A. § 42-110g(a), or otherwise.

C.  Enter judgment that Toy Vault's acts of infringement, false designation of origin, and unfair trade practices have been knowing and willful.

D.  Direct Toy Vault to pay BigMouth, pursuant to the Anti-Counterfeiting Consumer Protection Act of 1996, statutory damages in an amount not to exceed two million dollars ($2,000,000) for each use of the BigMouth Mark a counterfeit of which Toy Vault has used in connection with its business, as authorized by 15 U.S.C. § 1117(c)(2) (as modified by the Enforcement of Intellectual Property Rights Act of 2008).

E.  Award BigMouth its attorneys' fees and costs in prosecuting this action, pursuant to 15 U.S.C. § 1117, C.G.S.A. § 42-110g(a), or otherwise.

F.  Award BigMouth treble damages pursuant to 15 U.S.C. § 1117(b) and

punitive damages pursuant to C.G.S.A. § 42-110g(a), or otherwise.

G. Order Toy Vault to pay for corrective advertising for the purpose of correcting consumers' mistaken impressions created by Toy Vault's infringing acts.

H. Order the recall, impounding and destruction of all goods, advertising or other items bearing infringing markings, pursuant to 15 U.S.C. § 1118, or otherwise.

I. Award BigMouth such further relief as this Court may deem just and proper.

## JURY TRIAL CLAIM

BigMouth hereby requests trial by jury on all claims so triable.

Respectfully submitted,

BigMouth, Inc.

by its attorneys,

*/s/ Sean R. Higgins*
Sean R. Higgins (Bar No. ct28279)
sean.higgins@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Phone: 617-261-3100
Fax: 617-261-3175

Dated: July 25, 2016